UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Phonefree.com, Inc., a Delaware corporation,

Defendant. Civ. No. 00-346(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Zeroplus.com, Inc., a Delaware Corporation,

Defendant. Civ. No. 00-1538(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Mediaring.com, Inc., a California Corporation,

Defendant. Civ. No. 00-1539(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

FILED JAN 10 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Dialpad.com, Inc., a
California Corporation,

Defendant. Civ. No. 00-1540(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Vocaltec Communications, Inc.,
a Delaware Corporation,

Defendant. Civ. No. 00-1541(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Net2phone, Inc., a
Delaware Corporation,

Defendant. Civ. No. 00-1627(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Really Easy Internet, Inc.,
a Texas Corporation,

Defendant. Civ. No. 00-1682(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of January, 2001.

* * *

On January 8, 2001, the Court heard argument on the informal request of the Defendants to stay the deadline for their responses to the Claim Charts that have been served on them by the Plaintiff Multi-Tech, Inc. ("Multi-Tech"). At the time of the Hearing, all of the parties were represented by counsel. For the reasons discussed during the Hearing, and briefly summarized below, we deny the request.

According to the Pretrial Orders filed in these actions, which were all issued on October 17, 2000, Multi-Tech was to serve its Claim Charts upon the various Defendants within sixty days of the Pretrial Order. To that end, Multi-Tech served the claim charts on or about December 18, 2000. Therefore, according to the Pretrial

Order, the Defendants are to respond with their Claim Charts within thirty days after that service, or on or about January 17, 2001. The Defendants contend, however, that Multi-Tech has not fully satisfied the requisites of a Claim Charts, as they were set forth in our Pretrial Order and that, therefore, they are required to seek a stay of their responsive disclosures until the Court should rule upon their respective Motions for further responses.[1]

As a Federal Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of cases that are pending before us. See, Hunt v. Up North Plastics, Inc., 177 F.R.D. 449, 452 (D. Minn. 1997); Kemp v. Tyson Seafood Group, Inc., 19 F. Supp.2d 961, 964 (D. Minn. 1998), citing Landis v. North American Co., 299 U.S. 248, 254-55 (1936); see also, Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990), cert. denied, 498 U.S. 897 (1990); Webb v. R. Rowland & Co., Inc., 800 F.2d 803, 808 (8th Cir. 1986). The decision on whether to grant a Stay is informed by several factors, including: 1) the plaintiff's private interest in proceeding expeditiously with the civil litigation

---

[1]The Defendants Motions to Compel Multi-Tech to serve more complete Claim Charts is not now before us, but has been scheduled for a Hearing date that is past the date on which their responses to Multi-Tech's Claim Charts are due. Ergo, the Defendants say, a stay is needed so as to preclude a futile act, on their part, of responding to Claim Charts that are now incomplete.

balanced against the prejudice against the plaintiff if delayed; 2) the private interests of, and burden on, the defendants; 3) the interests of the Courts; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. See, e.g., Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); see also, American Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)("In the end, benefit and hardship would have to be set off, the one against the other, and a balance ascertained.").

While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 707, 117 S.Ct. 1636, 1650-51 (1997). Even if granted, a Stay should be limited in its scope to restrain only those aspects of the case that give rise to the effects justifying its imposition. See, Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976); Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971).

Here, the Defendants contend that, in order to properly respond to Multi-Tech's claim charts, they need more detailed and specific Charts from Multi-Tech. In particular, the Defendants complain of Multi-Tech's unilateral assertion of a right to amend its Charts, ostensibly without Court leave. Counsel for Multi-Tech

has assured us, however, they he understands that the contents of Multi-Tech's Claim Charts are not a moving target that may be facilely amended without good cause. The Claim Charts of the parties are as subject to the pretrial deadlines, and the standards by which to amend those deadlines, as any other Court-directed disclosure. Absent good cause, the deadlines will not change.[2] More importantly, counsel for Multi-Tech represented that the "reservation" contained in Multi-Tech's Claim Charts was "boiler-plate" and was not intended as a suggestion that the contents of the Claim Charts was a first of many future efforts. Indeed, counsel made clear his belief that, notwithstanding some hurdles that he attributes to the Defendants, Multi-Tech has exhausted its good faith effort to present complete Claim Charts.

Given these representations, which are corroborated by Claim Charts which are facially exhaustive, the Defendants' stated concern, that they will be blind-sided if they respond to Multi-Tech's Claim Charts, is unconvincing. While we cannot predict the future in some global fashion, we can predict this much of the future -- should Multi-Tech demonstrate good cause for amending one or more

---

[2]Under Rule 16(b), Federal Rules of Civil Procedure, a Pretrial Order may be amended only "upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." See, Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 632 (D. Minn. 2000); Archer Daniel Midlands Co. v. Aon Risk Services, 187 F.R.D. 578, 581 (D. Minn. 1999).

of its Claim Charts, the Defendants will be afforded the opportunity of demonstrating good cause for amending their own responses to those Claim Charts. As we expressed, during the course of the Hearing, someone has to take the first step. Even if that first step is imperfect, there is a benefit derived from the step having been taken. We seriously doubt that a party ever makes disclosures that are viewed as fully comprehensive in the eyes of the party's opponent. Whether Multi-Tech's Claim Charts are complete we leave to another day, after full briefing and argument and, therefore, we do not reach the Defendants' contention that the Charts are inadequate because they do not disclose Multi-Tech's claim interpretations.

In sum, considering the factors which counsel a Stay, we deny the Stay requested by the Defendants, so as to delay their respective responses to Multi-Tech's Claim Charts.

NOW, THEREFORE, It is --

ORDERED:

That the Defendants' informal request to stay the deadline for their responses to the Claim Charts served by Multi-Tech is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE